IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE A. GARCIA, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | NO. 06-CV-2477 |
| | : | |
|     Respondents | : | |

REPORT AND RECOMMENDATION

**TIMOTHY R. RICE**                                                                                     September 25, 2006
**U.S. MAGISTRATE JUDGE**

      Jose Garcia is a state prisoner incarcerated at the State Correctional Institution in Waymart, Pennsylvania, and has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the following reasons, I respectfully recommend the petition be DENIED with prejudice as non-cognizable.

FACTUAL AND PROCEDURAL HISTORY

      Garcia pleaded guilty to aggravated assault[1] on November 5, 2003 in the Lancaster County Court of Common Pleas, and was sentenced to a term of five-to-ten years imprisonment.  Garcia did not file a direct appeal.  On April 19, 2004, Garcia filed a motion in the trial court to modify his sentence, which was denied on April 22, 2004.  On August 18, 2004, Garcia filed a pro se application for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541, et seq., in which he raised the same issue he raises in his

---

[1] Garcia and the Commonwealth agree Garcia pleaded guilty to aggravated assault.  However, the Lancaster County Court of Common Pleas docket sheet indicates Garcia pleaded guilty to simple assault.  See Resp't's Ans. Exhibit "A."  The discrepancy has no import here.

federal petition, see Resp't's Ans. at 2. Appointed counsel filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), and Garcia's PCRA petition was dismissed on October 11, 2005. Garcia's Superior Court appeal was denied on March 28, 2006.

Garcia filed his current petition for a writ of habeas corpus on June 8, 2006. However, Garcia's petition failed to list grounds for relief, and he was provided a copy of this Court's current form to complete. Garcia's completed petition was received on July 20, 2006, alleging: "I was sentenced unjustly because the court used an old New York case, Ex Post Facto. Pennsylvania has a New York case listed as a Pennsylvania case and used it against me to sentence . . ."

DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court has jurisdiction to review only a claim the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Moreover, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Federal habeas review is not an avenue for reviewing "state-court determinations on state-law questions." Id. "The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997) (quoting Geschwendt v. Ryan, 967 F.2d 877, 888-89 (3d Cir. 1992)).

Garcia's federal petition could be construed[2] to allege various grounds for relief.

---

[2] A pro se petitioner's pleadings should be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Garth, 188 F.3d 99 (3d Cir. 1999).

However, each construction of his argument is not cognizable under § 2254(a).  Garcia's claim could be construed as:  (1) alleging a violation of the Ex Post Facto Clause of the Constitution; (2) attacking his 1980 New York conviction, as the Commonwealth suggests;[3] (3) attacking the execution of his sentence, see Letter from Jose Garcia to the Honorable Joseph Madenspacher, Judge, Lancaster County Court of Common Pleas (received June 8, 2006);[4] or (4) challenging the consideration of his prior conviction in his sentencing for aggravated assault.

Garcia's reliance on the Ex Post Facto Clause is misplaced.  "To be eligible for habeas corpus based on a violation of the Ex Post Facto Clause, [Garcia] must show both a retroactive change in law or policy and that this change caused individual disadvantage by creating 'a significant risk of increasing his punishment.'" Richardson v. Pennsylvania Bd. of Probation & Parole, 423 F.3d 282, 285 (3d Cir. 2005) (quoting Garner v. Jones, 529 U.S. 244, 255 (2000)). The consideration of Garcia's 1980 conviction at his 2003 sentencing does not implicate the Ex Post Facto Clause because it did not implicate a retroactive change in the law.

To the extent Garcia challenges the consideration of his New York conviction during sentencing, and the severity of the sentence itself, these claims are not cognizable.  "[A] federal court [generally] will not review state sentencing determinations that fall within statutory limits."

---

[3] The Commonwealth's reading of Garcia's federal petition to include this claim is doubtful.  However, any such claim, now 26 years later, would be untimely.  See 28 U.S.C. § 2254(d)(1).  Garcia has not alleged statutory or equitable tolling applies to his petition.

[4] To the extent Garcia attacks the execution of his sentence, i.e., that he should be eligible for release after serving the minimum sentence, the claim is not cognizable.  Garcia has not alleged, or presented any evidence, that any decision denying him parole, if such a decision has been made, was made without due process.  See Evitts v. Lucey, 469 U.S. 387, 401 (1985) ("a State has great discretion in setting policies governing parole decisions, but it must nonetheless make those decisions in accord with the Due Process Clause") (citing Morrissey v. Brewer, 408 U.S. 471, 481-484 (1972)).

Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984) (citing Solem v. Helm, 463 U.S. 277 (1983); Rummel v. Estelle, 445 U.S. 263 (1980)); Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000) (federal habeas review generally ends when the sentence falls within the statutory limit); cf. Townsend v. Burke, 334 U.S. 736, 741 (1948) (the severity of a sentence, alone, is not grounds for habeas relief where the sentence falls within statutory limits); U.S. ex rel. Jackson v. Myers, 374 F.2d 707, 711 (3d Cir. 1967) (recognizing same).  Garcia's five-to-ten year sentence for violating 18 Pa. C.S.A. § 2702(a)(1) was within the statutory maximum of 20 years.  See 18 Pa. C.S.A. § 2702(b) (aggravated assault under § 2702(a)(1) is a first-degree felony); § 1103(1) (maximum sentence for first-degree felony is 20 years).  Moreover, consideration of a prior conviction to enhance a sentence is ingrained in constitutional jurisprudence.  See, e.g., United States v. Booker, 543 U.S. 220, 244 (2005) ("[a]ny fact (other than a prior conviction) . . . necessary to support a sentence exceeding the maximum authorized by the facts established by a [guilty plea] must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

Any mistake in the Pennsylvania records listing the New York conviction as a Pennsylvania conviction is an error of state law, and therefore, not cognizable in a federal habeas court.  See Estelle, 502 U.S. at 67-68.  In any event, the origin of the predicate offense would not alter its effect as an enhancing factor during sentencing for the subsequent crime.  See 204 Pa. Code § 303.5(a) (prior record score includes "all prior convictions"); § 303.8(f)(1) ("[a]n out-of-state . . . conviction . . . is scored as a conviction for the current equivalent Pennsylvania offense"); see also Commonwealth v. Bolden, 532 A.2d 1172, 1173 (Pa. Super. 1987) (applying § 303.8(f)(1) to determine if trial court applied the correct prior record score).

Having determined that this petition raises no federal constitutionally cognizable claim, I make the following:

## RECOMMENDATION

AND NOW, this 25th day of September 2006, it is respectfully recommended that the petition for a writ of habeas corpus be DENIED with prejudice. It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

/s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE